UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Case No. 18-33707

Diocese of Winona-Rochester, Chapter 11

Debtor.

## SETTLEMENT APPROVAL FINDINGS AND CONCLUSIONS

This case is before the court on the *Joint Motion Under Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019 for an Order (i) Approving Settlement Agreement Between the Debtor, the Other DoW Entities and the LMI/Interstate Entities and (ii) Authorizing the Debtor to Sell Insurance Policies and Grant Related Releases* (the "Motion") filed on August 17, 2021 under sections 105(a) and 363(b), (f), and (m) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7052, 9014, and 9019, and Local Rules 2002-1, 9013-1, and 9013-2 for entry of an order (1) approving the Settlement Agreement and Release attached to the Motion as Exhibit A (the "Settlement Agreement"), (2) authorizing the debtor to sell the subject insurance policies under the Settlement Agreement, and (3) granting such other relief as is just and proper.

Undefined capitalized terms in these Settlement Approval Findings and Conclusions have the meanings set forth in the Settlement Agreement. Based upon the Motion and the Settlement Agreement, the court makes the following findings and conclusions:

IT IS FOUND AND DETERMINED:

1. The debtor demonstrated sound business reasons for the sale of the LMI Insurance Policies to the London Market Insurers and the Interstate Insurance Policies to Interstate;

2. The Parties mediated their disputes over the Tort Claims and the Coverage Claims pursuant to the order approving the Mediation Stipulation, beginning in May, 2019;

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *10/14/2021*
Tricia Pepin, Clerk, by KN

3. In the Mediation, the Parties negotiated extensively, at arms-length, and in good faith. The London Market Insurers are purchasers in good faith of the LMI Insurance Policies and Interstate is a good faith purchaser of the Interstate Insurance Policies, within the meaning of Bankruptcy Code § 363(m), and are entitled to all of the protections of that statute;

4. LMI/Interstate are bona fide good faith purchasers of the Subject Insurance Policies, for value;

5. The terms of the transactions contemplated by the Settlement Agreement, as well as the genesis and background of the Settlement Agreement, have been disclosed to the Court;

6. The terms and conditions of the Settlement Agreement (including the consideration to be realized by the debtor's bankruptcy estate) are fair and reasonable;

7. The transactions contemplated by the Settlement Agreement are in the best interests of the debtor's bankruptcy estate, its creditors, and other stakeholders;

8. The only potential holders of Interests in or against the Subject Insurance Policies are the DoW Entities, the Other Allegedly Insured Entities and Persons who hold Claims against the DoW Entities, which are allegedly covered by the Subject Insurance Policies;

9. The DoW Entities are Parties to the Settlement Agreement, and hence are deemed to have consented to the sale within the meaning of Bankruptcy Code § 363(f)(2);

10. The Barred Claims are subject to bona fide dispute, hence the Subject Insurance Policies may be sold free and clear of such Claims pursuant to § 363(f)(4);

11. All holders of Coverage Claims could be compelled, in a legal or equitable Action, to accept a money satisfaction of such Claims; therefore the Subject Insurance Policies may be sold free and clear of such Claims pursuant to § 363(f)(5);

12. The compromises and settlements embodied in the Settlement Agreement have been negotiated in good faith, and are reasonable, fair, and equitable;

13. In light of the: (a) probability of success in the litigation of the Insurance Coverage Action; (b) difficulties, if any, to be encountered in the matter of collection; (c) complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending thereto; and (d) paramount interest of the creditors and a proper deference to their reasonable views, the Settlement Agreement is fair and equitable and in the best interest of the debtor's bankruptcy estate and its creditors;

14. The Settlement Agreement is intended to be and is a compromise between the Parties and shall not be construed as an admission of coverage under the Subject Insurance Policies, an admission concerning the amount of a reasonable settlement of any Claim, an admission concerning the liability of or damages caused by the DoW Entities with respect to any Tort Claim (including the reasonableness of any such damages), nor shall the Settlement Agreement or any provision thereof be construed as a waiver, modification, or retraction of the positions of the Parties with respect to the interpretation and application of the Subject Insurance Policies. The Settlement Agreement does not reflect upon the Parties' views as to rights and obligations with respect to matters or Persons outside the scope of the Settlement Agreement. The Settlement Agreement is without prejudice to positions taken by the London Market Insurers and Interstate with regard to other insureds, and without prejudice with regard to positions taken by any DoW Entity with regard to other insurers, and no other insurer may admit or seek to admit the Settlement Agreement or related approval papers into evidence for any purpose whatsoever;

15. The LMI Buy-Back Payment is fair, adequate, and reasonable consideration for (a) the sale by the DoW Entities and the buy-back by the London Market Insurers of the LMI Insurance Policies; and (b) the Entities' Release;

16. The Interstate Buy-Back Payment is fair, adequate, and reasonable consideration for (a) the sale by the DoW Entities and the buy-back by Interstate of the Interstate Insurance

Policies; and (b) the Entities' Release;

17. The debtor appears to have provided due and adequate notice of the (a) sale of the Subject Insurance Policies; (b) terms and conditions of the Settlement Agreement; and (c) hearing on the sale of the Subject Insurance Policies, in accordance with Bankruptcy Rules 2002 and 6004 to all known and unknown Claimants;

18. It would be impractical to divide the Subject Insurance Policies amongst the DoW Entities and the holders of Tort Claims; therefore, to realize the value of the Subject Insurance Policies for the debtor's bankruptcy estate and the Tort Claimants requires the sale of the Subject Insurance Policies;

19. The sale of the Subject Insurance Policies outside the ordinary course of business satisfies the requirements of Bankruptcy Code § 363(b);

20. The sale of the Subject Insurance Policies free and clear of the Interests of all Persons satisfies the requirements of Bankruptcy Code § 363(f);

21. The Claims that allegedly would be covered by the Subject Insurance Policies, which policies are being acquired by LMI/Interstate pursuant to the Settlement Agreement, are deemed to be (a) "interests" as that term is used in Bankruptcy Code § 363(f); and (b) "Interests" as used in the Settlement Agreement; and

22. The Settlement Agreement may be approved pursuant to Bankruptcy Rule 9019(a).

Dated: *October 14, 2021*

/e/ William J. Fisher

William J. Fisher
United States Bankruptcy Judge