UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Diocese of Winona-Rochester,

Debtor.

Case No. 18-33707

Chapter 11

**ORDER APPROVING SETTLEMENT AGREEMENT WITH CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, CERTAIN LONDON MARKET INSURANCE COMPANIES AND INTERSTATE FIRE & CASUALTY COMPANY**

This case is before the court on the *Joint Motion Under Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019 for an Order (i) Approving Settlement Agreement Between the Debtor, the Other DoW Entities and the LMI/Interstate Entities and (ii) Authorizing the Debtor to Sell Insurance Policies and Grant Related Releases* (the "Motion") filed on August 17, 2021 under sections 105(a) and 363(b), (f), and (m) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7052, 9014, and 9019, and Local Rules 2002-1, 9013-1, and 9013-2 for entry of an order (1) approving the Settlement Agreement and Release attached to the Motion as Exhibit A (the "Settlement Agreement"), (2) authorizing the debtor to sell the subject insurance policies under the Settlement Agreement, and (3) granting such other relief as is just and proper.

Undefined capitalized terms in this order have the meanings set forth in the Settlement Agreement. Based upon the Motion and the Settlement Agreement, and the findings and conclusions set forth in the court's Settlement Approval Findings and Conclusions entered concurrently with this order:

IT IS ORDERED:

1. The motion is granted and the Settlement Agreement is approved in its entirety pursuant to Bankruptcy Code §§ 363(b), (f), and (m) and, if applicable, 105(a), and Bankruptcy

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *10/14/2021*
Tricia Pepin, Clerk, by KN

Rules 6004 and 9019;

2. Effective as of the date the Trust Receives the Settlement Amount, the sale of the LMI Insurance Policies to the London Market Insurers, and the Interstate Insurance Policies to Interstate, free and clear of all Interests of all Persons, including all Interests, if any, arising under Minn. Stat. Chapter 60A, is authorized;

3. Effective as of the date the Trust Receives the Settlement Amount, all Persons are barred, estopped, and permanently enjoined from asserting any Barred Claims against the LMI/Interstate Entities;

4. The Parties are authorized to perform their respective obligations under the Settlement Agreement;

5. Effective as of the date the Trust Receives the Settlement Amount, all Claims against, and Interests in and to, the Subject Insurance Policies are fully extinguished without reservation;

6. Effective as of the date the Trust Receives the Settlement Amount, all Barred Claims and other Interests that any Person, including CMS, might have in, or against, the Subject Insurance Policies attach to the proceeds of the sale of the Subject Insurance Policies;

7. The Trustee, upon the Trustee's appointment under the debtor's plan of reorganization, is authorized to perform the obligations, if any, imposed upon the Trustee by the Settlement Agreement;

8. The effectiveness of this order is contingent upon it becoming a Final Order, the entry of the Confirmation Order, and the Confirmation Order becoming a Final Order.

9. The stay imposed by Fed. R. Bankr. P. 6004(h) is waived.

10. The court retains jurisdiction to resolve any disputes that may arise in respect of the implementation of the Settlement Agreement, which shall be construed in accordance with

Minnesota law, or the interpretation or enforcement of this order.

11. This order fully incorporates the Settlement Approval Findings and Conclusions [Dkt. No. 406].

Dated: *October 14, 2021*

/e/ William J. Fisher

William J. Fisher
United States Bankruptcy Judge